IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

IN RE:                           )
                              ).
INTERMARK, INC.,             )      Case No. 13-22036-11DLS
                              )
                 DEBTOR.      )
                              )

**APPLICATION OF DEBTOR-IN-POSSESSION TO EMPLOY
JACKSON LEWIS P.C., AS ITS ATTORNEYS
AND FOR PRELIMINARY APPROVAL OF FEE ARRANGEMENT**

COMES NOW Intermark, Inc., the Debtor and Debtor-in-possession (hereinafter

"Debtor") and for its Application to Employ Jackson Lewis P.C., as its attorneys for the Debtor,

and for preliminary approval of a fee arrangement, respectfully represents as follows:

1.      On the 7th day of August, 2013, Intermark, Inc. filed a voluntary petition for relief

under Chapter 11 of Title 11 of the United States Code (the Bankruptcy Code).  Pursuant to §§

1107 and 1108 of the Bankruptcy Code, the Debtor remains as Debtor-in-Possession.

2.      The Debtor is a Kansas corporation doing business as a military and corporate

food service provider located at 13350 Holmes Road, Kansas City MO 64145.

3.      The Debtor-in-possession requires the services of attorneys regarding the

Complaint filed by the U.S. Department of Labor claiming Service Contract Act violations and

seeking disbarment with other related matters.

4.      The attorneys for the Debtor-in-possession have discussed with Jackson Lewis

P.C., with offices at 10701 Parkridge Blvd, Ste. 300, Reston VA  20191 its availability to be

employed as the attorneys in this proceeding pursuant to 11 U.S.C. §327(a).  The firm of Jackson

Lewis P.C. is well qualified in the field of employment defense, is generally familiar with the Debtor's operations and is familiar with the Chapter 11 reporting requirements

5.     The firm of Jackson Lewis P.C. has agreed to act as attorneys for the Debtor at the hourly rate which ranges from $235 - $740 per hour.  Specifically, Debtor has communicated the firm's employment with attorney Leslie A. Stout-Tabackman whose hourly rate is $405. The firm of Jackson Lewis P.C. will also charge for all services, including but not limited to, telephone calls, conferences, court and agency hearings, Litigation support and E-Discovery services and other proceedings.

6.     The Debtor believes that the firm of Jackson Lewis P.C. has the appropriate skills to perform the services required by the Debtor and, therefore, desires to employ the firm of Jackson Lewis P.C. as its attorneys.

7.     In view of the concentrated time involved, the firm of Jackson Lewis P.C. requests approval of the following fee arrangement as stated in its Confirmation of Engagement and Fee Agreement (see Exhibit A).

8.     No retainer has been paid to the firm of Jackson Lewis P.C. by the Debtor-in-possession for professional services rendered or to be rendered in this Chapter 11 proceeding.

9.     Jackson Lewis P.C. has not previously been employed by the Debtor.

10.    Based upon the Declaration attached hereto, the Debtor believes that the firm of Jackson Lewis P.C. does not hold or represent any interest adverse to that of the Debtor and that the firm of Jackson Lewis P.C. is a disinterested person within the meaning of 11 U.S.C. Section 101(14).

WHEREFORE, the Debtor-in-possession requests that it be authorized to employ Jackson Lewis P.C., as its attorneys for the purpose of assisting the Debtor as described in this Application, with compensation to be paid on the terms as stated in the Confirmation of

Engagement and Fee Agreement, and for such other and further relief as the court deems just and proper.

                                    Respectfully Submitted:

                                    EVANS & MULLINIX, P.A.


                                    */s/ Colin N. Gotham*
                                    Colin N. Gotham, KS #19538; MO#52343
                                    7225 Renner Road, Suite 200
                                    Shawnee, KS  66217
                                    (913) 962-8700; (913) 962-8701 (FAX)
                                    cgotham@emlawkc.com
                                    ATTORNEYS FOR DEBTORS

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically to those parties who have entered an appearance in the court's Electronic Court Filing (ECF System on the date entered on the court's docket.

                                    *s/ Colin N. Gotham*
                                    Colin N. Gotham

## DECLARATION OF LESLIE A. STOUT-TABACKMAN
## OF JACKSON LEWIS, P.C.

STATE OF _Virginia_ )
                  ) ss:
COUNTY OF _Fairfax_ )

I, Leslie A. Stout-Tabackman, declare and state:

1.      I have served in the capacity of attorney to various companies and have experience in the matter of defending companies against complaints filed by the DOL regarding alleged Service Contract Act violations and related matters.

2.      I maintain an office at 10701 Parkridge Blvd, Ste. 300 Reston, VA 20191.

3.      As best as I have been able to determine, I do not have any agreement or understanding with any other person for division of compensation. Neither have I entered into any agreement which is prohibited by U.S.C. Title 18, § 155.

4.      As best as I have been able to determine, I am a disinterested party as defined in 11 U.S.C. § 101(14), representing no interest adverse to the Debtor or the Debtor's estate on the matters upon which I am to be engaged and my employment would be in the best interest of the bankruptcy estate.

5.      I have not received a retainer for my services to be rendered in this case.

6.      I understand that I have a continuing duty to disclose any adverse interest and change in my status as a disinterested party.

7.      I understand that the Court's approval of the Debtor's Application to employ me as attorney does not constitute approval of the proposed terms of compensation set forth therein and that, pursuant to 11 U.S.C. § 328(a), the Court may allow compensation on terms different from those proposed.

8.     Based on the foregoing statement, I believe that I am a "disinterested person" within the meaning of 11 U.S.C. § 101(14) and § 327 and that my proposed retention as financial consultant for the Debtor is not prohibited by Fed. R. Bankr. P. 5002.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 21st day of October, 2014.

_Leslie A. Stout-Tabackman_
Leslie A. Stout-Tabackman

SUBSCRIBED AND SWORN TO BEFORE ME THIS 21st day of October, 2014.

_MA DeCastro_
Notary Public

My Commission Expires: __1/31/2015__

[SEAL]

Mary Ann DeCastro
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #273587
My Commission Expires
January 31, 2015